```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
ANDERSON KING,                      :
                                    :
         Petitioner,                :   Civ. No. 16-3868 (NLH)
                                    :
    v.                              :   OPINION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
         Respondent.                :
_____ :

APPEARANCES:
Anderson King
95857004
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Anderson King, an inmate confined at the Federal Correctional Institution in Fort Dix, New Jersey at the time of filing, has filed the instant Petition for a Writ of Mandamus seeking to compel the Bureau of Prisons to utilize his legally changed name, which he uses in the exercise of his religious beliefs.  (ECF No. 1.)  Petitioner has submitted a $5 filing fee, as well as an application to proceed in forma pauperis in a habeas corpus case.  (ECF Nos. 2, 3.)

<u>PLRA/Filing Fee</u>

The entire fee to be paid in advance of filing a civil complaint, including a petition for writ of mandamus, is $400. <u>Banks v. Langford</u>, No. 16-4176, 2016 WL 3769351, at *1 (D.N.J. July 14, 2016). That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. Under certain circumstances, however, this Court may permit an indigent party to proceed <u>in forma pauperis</u>.

Civil actions brought <u>in forma pauperis</u> are governed by 28 U.S.C. § 1915 and, ordinarily, the Prison Litigation Reform Act of 1995, Pub. L No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal <u>in forma pauperis</u>.

If the PLRA applies to this action, in order to proceed <u>in forma pauperis</u>, Petitioner is required to submit an affidavit, including a statement of all assets and liabilities, which states that he is unable to pay the fee; as well as a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his petition. 28 U.S.C. § 1915(a)(1), (2). However, if the PLRA does not apply to this action, Petitioner in this case need only file an affidavit of poverty in support of his request for <u>in forma pauperis</u> status. See <u>Madden</u>, 102 F.3d at 78 ("Where the PLRA

2

applies, the petitioner must file an affidavit of poverty, a six-month account statement, and a form authorizing prison officials to withdraw money from his account; where it does not, the petitioner need only file an affidavit of poverty.").

This Court recently addressed the issue of whether the PLRA applies to § 1361 mandamus petitions seeking relief analogous to a civil complaint. See Banks, 2016 WL 3769351, at *1 (citing Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996). After reviewing Third Circuit case law and other relevant decisions, the Court concluded that the requirements of the PLRA apply to actions such as this one, where the pending petition under § 1361 does not relate to a judge conducting a criminal trial and it seeks relief analogous to a civil complaint, i.e. specific action on the part of the named Respondents/Defendants. Id. The Court sees no reason to depart from its holding in Banks and finds that the PLRA applies to the instant matter.

In Forma Pauperis Application

Petitioner has filed an in forma pauperis application. However, said application is incomplete. As discussed above, under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner

3

also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee, in installments, as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Petitioner may not have known that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions); see also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e

4

(dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this matter, though Petitioner submitted an affidavit of poverty and a six month account statement, that statement was not certified by a prison official.  28 U.S.C. § 1915(a)(2).

CONCLUSION

For the reasons set forth above, Petitioner's application to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the Petition or assessing a filing fee.[1] Petitioner will be granted leave to apply to re-

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-

5

open within 45 days.  An appropriate Order follows.


Dated: February 28, 2017          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

6